# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1932

_____

United States of America,       *
                                *
          Appellee,             *
                                *   Appeal from the United States
     v.                         *   District Court for the
                                *   Eastern District of Missouri.
Sharon M. Austin,               *
                                *   [UNPUBLISHED]
          Appellant.            *

_____

Submitted: February 24, 2009
Filed: March 6, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Sharon Austin appeals the judgment the district court[1] entered against her upon a jury verdict finding her guilty of conspiring to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(h). Austin's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence. For the reasons that follow, we affirm.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

The evidence at trial, viewed in the light most favorable to the government and with all reasonable inferences and credibility determinations made in support of the jury's verdict, see United States v. Urkevich, 408 F.3d 1031, 1036-37 (8th Cir. 2005) (sufficiency-of-evidence standard of review), was the following. The charged conspiracy emanated from a relationship between Joseph Scott Boone, a resident of St. Louis, Missouri, and Luis Palacios, a resident of Pacoima, California. Beginning around September 2003 and continuing through sometime in 2005, Palacios periodically sent Boone packages containing candles with methamphetamine concealed inside each candle. Boone would sell the methamphetamine and then express-mail to Palacios United States Postal Money Orders purchased in denominations of about $1,000. Sometime in 2003, Boone met Shirley Rukcic, an attorney, and the two began living together in 2004. While Boone was in a drug rehabilitation facility in February 2005, Rukcic handled his business with Palacios, who would send the packages to Rukcic's office. Postal inspectors eventually investigated, and Boone and Rukcic cooperated.

Austin's involvement with the charged conduct stemmed from her relationship with Rukcic. Austin and Rukcic met early in 2003 and became friends. Rukcic handled Austin's divorce, and Austin worked in Rukcic's law office performing office tasks or running errands. A substantial portion of Rukcic's practice involved traffic tickets, and Austin was frequently asked to purchase money orders to pay the clients' fines. On a few occasions between December 2004 and February 2005, Rukcic asked Austin to purchase money orders for Boone in $1,000 denominations. Rukcic also testified that Austin had helped her maintain Boone's methamphetamine dealings while Boone was in drug rehabilitation; that Austin had helped Rukcic purchase a scale, baggies, and other supplies; that Austin had been present on two occasions when Rukcic opened a package of candles from Palacios, and broke them open to retrieve the methamphetamine; and that Austin had helped her divide and distribute the drug. According to Rukcic's testimony, a total of about 672 grams of

methamphetamine was sent on those two occasions. Rukcic also testified that Austin once spoke directly to Palacios on Boone's cell phone.

The jury found Austin guilty as charged, and the district court sentenced her to concurrent terms of 120 months in prison on both offenses, the statutory minimum for the drug offense, followed by concurrent terms of 5 and 2 years of supervised release.

We conclude the evidence was sufficient for the jury to have found that (1) a conspiracy to distribute methamphetamine existed, (2) Austin knew about the conspiracy, and (3) she knowingly became a part of the conspiracy. See United States v. Vinton, 429 F.3d 811, 815 (8th Cir. 2005) (elements of conspiracy to distribute methamphetamine). In addition, the jury could have found that Austin (1) conducted financial transactions involving proceeds of unlawful activity, (2) knew that the proceeds were from an unlawful activity, and (3) intended to promote the carrying on of the unlawful activity. See United States v. Foxx, 544 F.3d 943, 950 (8th Cir. 2008) (elements of conspiracy to launder money).

We also note that Austin testified at sentencing that she had been disserved by her first attorney because of a conflict of interest and lack of consultation. In general complaints about ineffective assistance of counsel are to be brought not on direct appeal because of a lack of record, but rather in a § 2255 proceeding.

Following our independent review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____